Loren S. Scott, OSB #024502
lscott@scott-law-group.com
THE SCOTT LAW GROUP
88 East Broadway
Eugene, OR  97401
Telephone: 541-868-8005
Facsimile:  541-868-8004
   Of Attorneys for Debtor in Possession

# United States Bankruptcy Court
## for the District of Oregon

In re                                                                                        Case No.  11-60920-fra11

    Eugene Pipe, LLC

                         Debtor                                            Chapter 11

## DEBTOR'S PLAN OF LIQUIDATION, DATED JULY 21, 2011

### ARTICLE I
### SUMMARY

This Plan of Liquidation (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Eugene Pipe, LLC (the "Debtor") from a sale of substantially all of the Debtor's assets**.**

This Plan provides for 6 classes of secured claims; 1 class of unsecured claims; and 1 class of equity security holders.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar.  This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01　Class 1.　　The claim of EP Lenders, LLC, to the extent allowed as a secured claim under § 506 of the Code.

2.02　Class 2.　　The pre-petition claim of EP Lenders II, LLC, to the extent allowed as a secured claim under § 506 of the Code.

2.03　Class 3.　　The post-petition claim of EP Lenders II, LLC, to the extent allowed as a secured claim pursuant to the Order Approving Post-Petition Financing of the Debtor by the Bankruptcy Court dated March 29, 2011.

2.04　Class 4.　　The claim of Hoverter Engineering, Inc. to the extent allowed as a secured claim under § 506 of the Code.

2.05　Class 5.　　The claim of NMHG Financial Services, Inc. to the extent allowed as a secured claim under § 506 of the Code.

2.06　Class 6.　　The claim of US Small Business Administration to the extent allowed as a secured claim under § 506 of the Code.

2.07　Class 7.　　All general unsecured claims allowed under § 502 of the Code.

2.08　Class 8 .　　Equity interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01　Unclassified Claims.　Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02　Administrative Expense Claims.　Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03　Priority Tax Claims.　Each holder of a priority tax claim will be paid in full on or before the Effective Date of the Plan.

3.04 <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (US Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any US Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims will be treated as follows:

Class 1 – Secured Claim of EP Lenders, LLC

This class is impaired. The claim of the Class 1 creditor in the approximate amount of $3,100,000 is secured by a blanket lien on all assets of the Debtor, consisting of a second position lien in Debtor's equipment (limited to the amount of $1,678,905 pursuant to a pre-petition subordination agreement with the SBA) and a first position lien on all other pre-petition assets (subject to the post-petition subordination agreement with EP Lenders II, LLC which was approved by order of the Bankruptcy Court dated March 25, 2011). Based on the Debtor's liquidation analysis, attached to the Disclosure Statement as Exhibit E, Debtor believes the claim of the Class 1 creditor is over-secured. The claim of the Class 1 creditor, plus post-petition interest and attorney's fees, will be assumed and paid by the buyer of the assets of the Debtor as further described herein.

Class 2 – Secured Pre-Petition Claim of EP Lenders II, LLC

This class is impaired. The claim of the Class 2 creditor of $726,000 is secured by a first position lien in all of Debtor's equipment. Based on the Debtor's liquidation analysis and an appraisal of the equipment, Debtor believes the claim of the Class 2 creditor is under-secured. Therefore, the claim will be bifurcated into a secured and an unsecured claim. The secured claim of $510,000 (representing the liquidation value of Debtor's equipment) will be satisfied by the credit bid of the holder of the Class 2 claim at closing of the sale of the assets of the Debtor as further described herein. The unsecured portion of the claim will be treated as a Class 7 (general unsecured) claim.

Class 3 – Secured Post-Petition Claim of EP Lenders II, LLC

This class is impaired. The claim of the Class 3 creditor of $500,000 is secured by a first position lien in all of Debtor's post-petition accounts receivables. The claim was approved by the Order Approving Post-Petition Financing of the Debtor entered by the Bankruptcy Court on March 29, 2011. Pursuant to such order, the Class 3 creditor is entitled to post-petition interest and attorney fees on its claim. The class 3 claim will be satisfied by the credit bid of the holder of the Class 3 claim at closing of the sale of the assets of the Debtor as further described herein.

Class 4 – Secured Claim of Hoverter Engineering, Inc

This class is unimpaired. The claim of the Class 4 creditor has been and will continue to be paid according to its contract with Debtor, which payments were approved pursuant to the Final Order Allowing Use of Cash Collateral entered by the Bankruptcy Court on March 29, 2011. Debtor anticipates the claim of the Class 4 creditor will be paid in full prior to Confirmation.

Class 5 – Secured Claim of NMHG Financial Services, Inc.

This class is impaired. The claim of the Class 5 creditor has been and will continue to be paid according to its contract with Debtor, which payments were approved pursuant to the Final Order Allowing Use of Cash Collateral entered by the Bankruptcy Court on March 29, 2011, until the sale of the Debtor's assets closes as further described herein. At closing, the contract with the Class 5 creditor will be assigned to the purchaser of the assets who will continue to make payments according to the terms of the contract until the debt is paid in full, which the Debtor estimates will be approximately August 2012.

Class 6 – Secured Claim of US Small Business Administration

This class is impaired. The claim of the Class 6 creditor of approximately $1,612,018 is secured by a third position lien on equipment. Debtor believes the claim of the Class 6 creditor is wholly unsecured. Therefore, the claim of the Class 6 creditor will be treated as a Class 7 (general unsecured) claim.

Class 7 – General Unsecured Claims

This class is impaired. The claims of the Class 7 creditors consist of unsecured claims and unsecured portions of under-secured (deficiency) claims of the Class 2 and Class 6 creditors. Based on the Debtor's liquidation analysis, the Class 7 creditors would receive nothing in a chapter 7 bankruptcy case. Under this Plan, Debtor will pay Class 7 creditors 10% of the allowed amount of their claims, not to exceed $400,000, from proceeds of a sale of substantially all of the assets of the Debtor as further described herein.

Class 8 – Equity Interest Holders

This claim is impaired. The holders of Class 8 claims will not receive anything under this Plan.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claims</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been

filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. There are no disputed claims in this case, other than the dispute over the secured status of the claim of the U.S. Small Business Administration, which will be addressed as part of this Plan, and the dispute over the secured status and amount of the claim filed by Wildish Industrial Development, which the Debtor intends to address in the claims process.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date of this Plan as provided in Article VII and assigns them to the buyer of the assets as further described herein:

> De Lage Landen Financial Services – forklift lease (expires March 6, 2014)
>
> Wildish Industrial Development –
>     ** Manufacturing Building Lease (expires March 1, 2014)
>     ** Office/Warehouse Building Lease (expires March 1, 2013)
>
> Electrorep, Inc – sales agent contract
>
> Joslin Sales, Ltd – sales agent contract
>
> Normco Sales, LLC – sales agent contract
>
> Pacific Western Agencies, Inc. – sales agent contract
>
> Formosa Plastics Corporation - Sales Contract
>
> Columbia River Carbonates - Supply Agreement

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the Effective Date of this Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) calendar days after the date of the order confirming this Plan.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

Debtor proposes a private sale of all of its assets to the investor group, EP Lenders II, Inc. ("Proposed Buyer" herein) which group has previously loaned funds to Debtor, secured by assets of the Debtor and which provided court-approved post-petition financing to the Debtor. The Proposed Buyer has indicated, by a letter of intent, that it would agree to purchase substantially all of Debtor's assets as described further below. A copy of the letter is attached to the Disclosure Statement as Exhibit F. Debtor anticipates that a Purchase Agreement will be drafted and available prior to any hearing on the Disclosure Statement in this case.

Definitions.

"Closing" as used herein means the date on which all of the following have occurred: all contingencies listed in this section and in the Purchase Agreement have been met, funds have been received by Debtor for distribution to the Class 7 creditors, and any and all necessary documents have been executed and, if required to be recorded, have been recorded.

"Proposed Buyer" means EP Lenders II, LLC, who is also the Class 2 and the Class 3 creditor herein.

"Purchase Agreement" as used herein means the unexecuted copy of an agreement between Proposed Buyer and Debtor attached as Exhibit G to the Disclosure Statement and hereby incorporated into and made a part of this Plan.

Private Sale; No Competitive Bidding; Purchase Agreement Exhibit. The Debtor will not solicit competing offers for purchase of the assets. Debtor has valued the assets through consultation with industry persons familiar with its inventory and through a formal appraisal of its equipment and believes the purchase price offered by Proposed Buyer is appropriate given those values. The Purchase Agreement with Proposed Buyer will set forth terms that will govern should the Bankruptcy Court, upon motion or otherwise, order competitive bidding. An unexecuted copy of the the Purchase Agreement will be attached as Exhibit G to the Disclosure Statement and provided to creditors and the Court prior to any hearing on the Disclosure Statement. Exhibit G of the Disclosure Statement is hereby incorporated by this reference and made a part of this Plan.

Terms of Sale in Purchase Agreement. Sale to Proposed Buyer is contingent on execution of and approval of the creditors and Bankruptcy Court of the Purchase Agreement with the terms specified herein, without material alteration, including the following:

> Purchase Price; Assumption of Debt; Credit Bidding. The total purchase price for all of the assets of Debtor, including but not limited to, Debtor's equipment, inventory, accounts, accounts receivables, and general intangibles (an itemization of which will be provided in the Purchase Agreement with the Proposed Buyer), is $4,510,000 as follows:

DEBTOR'S PLAN OF LIQUIDATION DATED JULY 21, 2011 - Page 6 of 10

Assumption of liability to pay the claim of the Class 1 creditor (EP Lenders, LLC) of $3,100,000 provided that the Class 1 creditor will agree to the following: extension of the maturity date to a date that is 2 years from the date of closing, 6% interest rate, monthly payments of interest only during the 2 year period with a balloon payment due of the outstanding principal and interest at maturity;

Credit bid the pre and post-petition claims of EP Lenders II, LLC, who is the Class 2 and the Class 3 creditor and the Proposed Buyer herein, in the total amount of $1,010,000;

Cash in the amount of $400,000 (comprised of available cash of the Debtor in which Proposed Buyer has a lien and additional cash contributions from Proposed Buyer not to exceed $205,000) to allow payment to unsecured creditors in the approximate amount of 10% of their allowed claims;

Assumption of liability to pay the claim of the Class 5 creditor (NMHG Financial) consisting of Debtor's contract to purchase a forklift

Closing. Closing shall occur within 30 days of Confirmation.

Representations, Warranties. Customary representations, warranties, and covenants, conditions, and indemnification commonly undertaken by buyers and sellers in transactions of this size and type.

Assignment of Right to Purchase Equipment. Proposed Buyer shall have the right, but not the obligation to, assign its right to purchase the equipment of the Debtor to a third party, provided such third party agrees to lease such equipment to the Proposed Buyer. Debtor consents to such assignment.

Continued Business Operations through Closing and Transition of Business to Proposed Buyer. Debtor's continued use of its best efforts to conduct its business in a reasonable and prudent manner in accordance with past practices, to preserve its existing business organizations and relationships with its employees, customers, suppliers, and others with whom it has a business relationship, to preserve and protect its properties, and to conduct its business in compliance with all applicable laws and regulations;

Non-competition/Non-solicitation Agreements. Execution of a non-competition/non-solicitation agreement reasonably acceptable to the parties by Debtor and its members;

Bidding Procedures if Competitive Bidding is Ordered by the Court. If the Court orders competitive bidding as to the sale of Debtor's assets, such bidding shall be

governed by the procedures set forth in the Proposed Buyer, including but not limited to the following: Proposed Buyer will be pre-qualified and designated as the Initial Bidder and if Proposed Buyer is not the winning bidder, the winning bidder (and purchaser of the assets) must pay, in addition to the purchase price, a breakup fee to Proposed Buyer in the amount of $50,000; and

Other Conditions.  Successful negotiation of Proposed Buyer with Debtor's current landlord for use of the business premises on terms and conditions satisfactory to Proposed Buyer in its sole discretion.

Sale to Insider.  Approximately 70% of the members of the Proposed Buyer also have membership interests in the Debtor.

Debtor's Existing Employees.  Proposed Buyer intends to re-employ existing employees and retain all existing employee benefit plans.

Status of Liens in the Assets to be Sold.  The assets will be sold free and clear of all liens, except to the extent such liens secured debts which are assigned to and assumed by Proposed Buyer, as described herein and in the Purchase Agreement.

Assumption, Assignment, and Rejection of Executory Contracts and Unexpired Leases.  Debtor has listed specified leases and executory contracts it will assume in Section 6.01 above as of the Effective Date of this Plan.  Proposed Buyer will execute any and all necessary documents to permit it to assume or be assigned those leases and contracts.

Interim Arrangements with Proposed Buyer. As set forth above, Proposed Buyer requires that the Debtor continue to use its best efforts to conduct its business in a reasonable and prudent manner in accordance with past practices, to preserve its existing business organizations and relationships with its employees, customers, suppliers, and others with whom it has a business relationship, to preserve and protect its properties, and to conduct its business in compliance with all applicable laws and regulations at all times prior to Closing.

Use of Proceeds.  At closing, Debtor will distribute funds to the Class 7 creditors, pro-rata, in the approximate amount of 10% of the allowed amount of their claims, not to exceed $400,000.  The Proposed Buyer shall retain all other cash and cash equivalents of the Debtor.

Failure of Sale to Close.  In the event the sale to the Proposed Buyer fails to close because the contingencies to closing have not all been met, Debtor will file an appropriate document to notify the Court and request an immediate hearing regarding the status of this case.

Preference Claims Extinguished.  The Plan contemplates payment to the holders of Class 7 claims the amount of 10% of the allowed amount of their claims.  This payment is being made to provide some value to the holders of these claims in spite of the fact that a Chapter 7 liquidation would result in no payment on these claims.  The Plan, therefore, does not contemplate the prosecution of any preference claims and any such claims which may exist will be extinguished at Closing.

# ARTICLE VIII
# GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  Some terms used in this Plan are defined in the section in which such term is used.  Definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan except that the term "Debtor" as used herein encompasses both the pre-petition entity, Eugene Pipe, LLC, and the debtor-in-possession during the pendency of this Chapter 11 case.

8.02    Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    Severability.   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oregon govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

# ARTICLE IX
# DISCHARGE

9.01.    No Discharge.  In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

# ARTICLE X
# OTHER PROVISIONS

10.1    Re-vesting of Property of the Estate.  Property of the estate will not revest in the Debtor at any time.  Title to all property of the estate will pass to the Proposed Buyer at Closing.

10.2    Dissolution of Debtor.  After Closing of the sale described herein, Debtor will be dissolved.

DEBTOR'S PLAN OF LIQUIDATION DATED JULY 21, 2011 - Page 9 of 10

10.3 <u>Closing of Case.</u> Upon consummation of the sale at Closing and payment of the Class 7 claims as provided herein, Debtor will apply to the Bankruptcy Court for an order closing this case.

THE SCOTT LAW GROUP

By:   /s/ Loren S. Scott
      Loren S. Scott, OSB # 024502
      Natalie C. Scott, OSB #024510
          Attorneys for Debtor

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2011, I served the foregoing DEBTOR'S PLAN OF LIQUIDATION, DATED JULY 21, 2011, by depositing in the United States mail at Eugene, Oregon full and complete copies thereof, by first class mail, postage prepaid, addressed to the following:

| | | |
|---|---|---|
| Appraisal Resource PC<br>Attn John C Kruzinski ASA<br>8219 SE 17th Ave #300<br>Portland, OR 97202 | Forrmosa Plastics Corp USA<br>c/o Jerry Delaney<br>9 Peach Tree Hill Rd<br>Livingston, NJ 07039 | RS2 Group LLC<br>c/o Roger R. Robb<br>2507 Walnut Ridge Dr<br>Springfield, OR 97477 |
| Warren Barnes CPA<br>1600 Executive Pkwy #110<br>Eugene, OR 97401 | Multi-Fittings<br>c/o Louise Platero<br>50 Valleybrook Dr<br>Don Mills Ontario<br>M3B2S9 CANADA | Wildish Industr Devlp Corp<br>c/o Steven Wildish<br>P.O. Box 7428<br>Eugene, OR 97401 |
| Columbia River Carbonates<br>c/o Bernie Schockelt<br>P.O. Box 2350<br>Woodland, WA 98674 | OpenRoad Transportation Inc<br>c/o Holly Bray<br>P.O. Box 627<br>Dallas, OR 97338 | |

I hereby certify that on the 21st day of July, 2011, I determined from the United States Bankruptcy Court electronic case filing system that the following parties will be served electronically via ECF:

| | |
|---|---|
| Donald J Churnside | don@oregonlegalteam.com, melanie@oregonlegalteam.com |
| Benjamin M Kearney | bkearney@agsprp.com, bdavis@agsprp.com |
| Suzanne C Pickgrobe | suzanne.pickgrobe@sba.gov, penny.williams@sba.gov |
| Douglas R Schultz | schultz@gleaveslaw.com, kirsten@gleaveslaw.com |
| Loren S Scott | ecf@scott-law-group.com |
| US Trustee, Eugene | USTPRegion18.EG.ECF@usdoj.gov |
| Douglas R Wilkinson | doug@thorp-purdy.com, skelley@thorp-purdy.com |

        THE SCOTT LAW GROUP

        By: /s/ Loren S. Scott
           Loren S. Scott, OSB #024502
           Of Attorneys for DIP

CERTIFICATE OF SERVICE - Page 1 of 1